UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal No. 5:22-CR-141-KKC-MAS |
| V. | ) ) ) | |
| ALONZO QUANT'E HARRISON, Defendant. | ) ) ) | **OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on defendant Alonzo Quant'e Harrison's motion (DE 10) to suppress all evidence that law enforcement officers seized from his residence pursuant to a search warrant. He also asks that all statements made by him after the search be suppressed as fruits of the poisonous tree.

Harrison is charged with possessing fentanyl and cocaine with the intent to distribute them and with possessing firearms in furtherance of those drug-trafficking crimes. He is also charged with illegally possessing the firearms because he is a convicted felon.

With this motion, Harrison argues that the Court should suppress evidence seized from his residence. He argues that suppression is warranted because the affidavit that supported the search warrant application did not establish probable cause to believe that evidence of a crime would be found at his residence as required by the Fourth Amendment.

In the affidavit, which is dated November 1, 2022, Detective Charles Johnson stated that he had grounds to believe that contraband or evidence of a crime would be found at 160

Strawberry Fields Road in Lexington, Kentucky. He stated that he had been an officer with the Lexington Police Department for 22 years.

He set forth the following information:

- On April 16, 2022, a "Qualified Confidential Informant" told Detective Johnson that Alonzo Harrison was selling a large quantity of heroin/fentanyl from his residence at 101 Pine Street in Lexington, Kentucky.
- Detective Johnson conducted surveillance at 101 Pine and observed Harrison come and go from there. Detective Johnson learned that Harrison lived in apartment 202.
- Detective Johnson followed Harrison and observed him "making narcotics transactions with other subjects." Detective Johnson explained that Harrison would park at a gas station and another individual would approach the driver's side door or get into the passenger side and then leave after a brief encounter.
- In October 2022, Harrison moved to 160 Strawberry Fields Road. Detective Johnson also observed that residence and saw Harrison come and go from there. Detective Johnson learned that Harrison purchased a blue Dodge Ram truck, which was parked in front of the residence.
- On October 11, 2022, Detective Johnson conducted a trash pull at Strawberry Fields and found three individual corner baggies tied in a knot; 17 sandwich bags covered in grayish powder; and mail with the 160 Strawberry Fields address on it.
- Detective Johnson said the corner baggies tied in a knot were consistent with someone packaging narcotics and that the gray powder was consistent with heroin or fentanyl.
- On November 1, 2022, Detective Johnson conducted another trash pull at the Strawberry Fields residence and found four sandwich bags with grayish powder; mail with the Strawberry Field address on it, and mail addressed to Alonzo Harrison and Handy Doody at 711 Florida Street. Handy Doody is the name of Harrison's business.
- During the months of investigation, Detective Johnson observed Harrison on multiple occasions leave 101 Pine Street, go to 711 Florida Street, stay only a short time, and then drive to different locations, and meet with individuals in vehicles for brief encounters.
- In Detective Johnson's experience, this activity is common behavior for someone involved in narcotics transactions.
- Detective Johnson has had several "dealings" with Harrison. Harrison uses the Florida Street address as his primary address when purchasing items like vehicles, when dealing with law enforcement, and in relation to three vehicle collisions he was involved in during 2022. The Florida Street address is also on Harrison's license.

- Detective Johnson believes that Harrison is using the Strawberry Fields and Florida Street residences to conduct drug trafficking.

Based on this information, a state district judge issued a warrant permitting the search of 160 Strawberry Fields Road.

Harrison argues the judge who issued the search warrant erred because the affidavit in support of the search warrant application did not establish probable cause. For this kind of challenge, the Court must look only to the four corners of the affidavit to determine whether it sufficiently established probable cause. *United States v. Brooks*, 594 F.3d 488, 492 (6th Cir. 2010)

"When an affidavit is the basis for a probable cause determination, the affidavit 'must provide the magistrate with a substantial basis for determining the existence of probable cause.'" *United States v. Thomas*, 605 F.3d 300, 307 (6th Cir.2010) (quoting *Illinois v. Gates*, 462 U.S. 213, 239 (1983)). The Fourth Amendment requires that the issuing magistrate simply make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Terry*, 522 F.3d 645, 648 (6th Cir.2008) (quoting *Gates*, 462 U.S. at 238.) Probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Gates*, 462 U.S. at 243 n. 13. The Court is to review the affidavit as a whole based on the "totality of the circumstances" rather than conduct a "line-by-line scrutiny." *United States v. Brown*, 732 F.3d 569, 573 (6th Cir. 2013). Additionally, the affidavit must contain sufficient information to establish "a nexus between the place to be searched and the evidence sought." *United States v. Gardiner*, 463 F.3d 445, 470 (6th Cir.2006). "A magistrate's determination of probable cause is afforded great

deference by the reviewing court." *United States v. Greene*, 250 F.3d 471, 478 (6th Cir. 2001). That determination should only be reversed if it was arbitrary. *Id*.

Harrison argues that the information contained in the affidavit regarding what the confidential informant told Detective Johnson cannot establish probable cause for two reasons. First, he argues that information was stale because Detective Johnson stated that the informant gave Johnson the tip in April 2022, and the affidavit was dated November 1, 2022. Second, Harrison argues that the affidavit does not establish that the informant was reliable. Harrison also argues that the baggies found at Strawberry Fields are not sufficient to establish probable cause because the affidavit does not state that the powder on them was tested.

The affidavit did not, however, rely solely on the confidential informant's statements or on the baggies. The affidavit described "months of surveillance on Mr. Harrison" that Detective Johnson conducted after the informant told him that Harrison was dealing drugs. (DE 10-1, Aff., p. 4.) The affidavit explained that Detective Johnson's investigation of Harrison continued until November 1, 2022, the date the magistrate issued the search warrant. Throughout the investigation, Detective Johnson observed signs that Harrison was indeed engaged in drug trafficking, corroborating the confidential informant's tip.

Detective Johnson stated that he observed Harrison leave his residence, which at the time was 101 Pine Street, and park his vehicle at a gas station. Detective Johnson stated that individuals would approach Harrison's car for brief periods and then drive away. During the investigation, Detective Johnson also observed Harrison leave the Pine Street residence, go straight to 711 Florida Street, stay for a short time, and then drive around and meet other vehicles at different locations for "short stays." Detective Johnson explained that, in his experience, this was "common behavior for someone involved in narcotics transactions." In

weighing the evidence supporting a search warrant application, magistrates can rely on the conclusions of experienced law enforcement officers. *United States v. Fannin*, 817 F.2d 1379, 1381-82 (6th Cir. 1987). Detective Johnson stated in the affidavit that he has been in law enforcement for 22 years. The judge could reasonably rely on his conclusions.

In October 2022, after Harrison moved to the Strawberry Fields residence, Detective Johnson found corner baggies tied in a knot in the trash at Strawberry Fields, which Detective Johnson explained was consistent with drug-trafficking activity. The affidavit also explained that Detective Johnson found 17 baggies covered with a grayish powder and that the powder was consistent with that of heroin and fentanyl. In November 2022, Harrison found more baggies in Harrison's trash at Strawberry Fields with the grayish powder on them.

This is sufficient evidence to establish a "fair probability" that evidence of criminal activity would be found at the Strawberry Fields residence. *See United States v. Jenkins*, 396 F.3d 751, 761 (6th Cir. 2005). Harrison argues that the affidavit does not establish a sufficient nexus between the criminal activity and the Strawberry Fields residence. The affidavit stated, however, that, during the surveillance period, Harrison had engaged in conduct that is common in drug trafficking. The affidavit further states that, during this time period, Harrison moved to the Strawberry Fields residence and that, in October and November 22, the baggies with powder on them were found in the trash there. This establishes a sufficient nexus between drug trafficking and the Strawberry Fields residence. Moreover, "a magistrate issuing a search warrant may infer that drug traffickers use their homes to store drugs and otherwise further their drug trafficking." *United States v. Coleman*, 923 F.3d 450, 457 (6th Cir. 2019) (citation and quotations omitted). "This reflects the reality that, in the case of drug dealers, evidence is likely to be found where the dealers live." *Id*. (citations and quotation omitted).

At the very least, the evidence seized from Strawberry Fields should not be suppressed under the exception to the exclusionary rule established in *United States v. Leon*, 468 U.S. 897, 909 (1984). In that case, the Court created an exception to the exclusionary rule for evidence "seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective." *Id*. at 905. Harrison argues that the affidavit was "bare bones." As already explained, however, the affidavit contained specific facts about what Detective Johnson observed during his months of investigating Harrison, including what Detective Johnson found in the trash at Strawberry Fields and his conclusions based on years of experience in law enforcement. At the very least, it was reasonable for an officer to believe that probable cause existed to search Strawberry Fields.

Harrison argues that he is entitled to a hearing pursuant to *Franks v. Delaware*, 348 U.S. 154 (1978) because Detective Johnson did not state in the affidavit that Harrison's grandmother lives at the Florida Street residence. "A defendant is entitled to a *Franks* hearing if he: 1) makes a substantial preliminary showing that that the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement or material omission in the affidavit; and 2) proves that the false statement or material omission is necessary to the probable cause finding in the affidavit." *See United States v. Rose*, 714 F.3d 362, 370 (6th Cir. 2013). The defendant must make "a strong preliminary showing that the affiant intended to mislead the judge by omitting information from the affidavit." *Hale v. Kart*, 396 F.3d 721, 726-27 (6th Cir. 2005).

The fact that Harrison's grandmother lives at Florida Street is not material to the probable cause determination. Detective Johnson stated in the affidavit that Harrison continued to affiliate himself with the Florida Street residence, using that address when he purchased two

vehicles, when he was involved in three vehicle collisions in 2022, when he had contact with law enforcement officers, and on his driver's license. Given all of the information in the affidavit, the fact that Harrison's grandmother lived at Florida Street would not preclude a conclusion that a fair probability existed that Harrison was utilizing the Florida Street residence for drug trafficking or that evidence of drug trafficking would be found at Harrison's current residence at Strawberry Fields. Accordingly, Harrison is not entitled to a *Franks* hearing.

For all these reasons, the Court hereby ORDERS that Harrison's motion to suppress (DE 10) and request for a *Franks* hearing are DENIED. IT IS FURTHER ORDERED that this matter is scheduled for JURY TRIAL on JUNE 26, 2023 at 9:00 a.m. at Lexington, Kentucky; counsel and parties to appear at 8:30 a.m.

This 12th day of April, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY